IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | Crim. Action No. |
| v.     ) | 02-10068-01-WEB |
| ) | |
| LAWRENCE J. WALDSCHMIDT, JR.,     ) | |
| ) | |
| Defendant.     ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on September 21, 2005, for a hearing on revocation of the defendant's supervised release. This written memorandum will summarize the oral rulings made by the court at the hearing.

On August 30, 2002, defendant Lawrence J. Waldschmidt, Jr., pled guilty to a one-count Superseding Information charging a violation of 21 U.S.C. § 856(a) for unlawfully maintaining a place for manufacturing marijuana. Doc. 30. On December 6, 2002, the court sentenced the defendant to 24 months' imprisonment to be followed by a 2-year term of supervised release. Doc. 38. The defendant was released from BOP custody on September 27, 2004, and began his term of supervised release. The matter is now before the court on a Violation Report from the Probation Office alleging that the defendant has violated the terms of supervised release. The Report alleges that the defendant failed to report to the Probation Officer as required and failed to answer truthfully all inquiries by the Probation Officer and follow his instructions. Specifically, it alleges that the defendant failed to complete Monthly Supervision Reports

for June and July 2005, failed to report to the probation office as directed on August 3, 2005, and failed to meet at his residence on August 8, 2005, with the U.S. Probation Officer as directed.

At the outset of the hearing on September 21, 2005 the court informed the defendant of his right to counsel and cautioned him about the dangers of self-representation. Despite this, the defendant declined to have an attorney appointed to represent him and he expressed a desire to represent himself.[1] Based upon the history of the case, the defendant's statements and his answers to the court's questions, and the entirety of the record, the court finds that the defendant knowingly and voluntarily waived his right to counsel and elected to represent himself.

At the revocation hearing the defendant admitted the truth of the allegations in the Violation Report. The defendant's statements show that he was aware of his obligation to comply with the directions of the Probation Officer and that he knowingly failed to comply. Defendant sought to explain his actions by stating his views that he had "accepted for value exempt from levy" the notices of the Probation Department and that the Probation Office had accepted or acquiesced in his "affidavit of truth" when it failed to respond to his affidavit within ten days. The defendant also submitted various documents reflecting his view that he is not subject to this court's jurisdiction. The documents incorporate various terms from the Uniform Commercial Code and other areas of civil law that are without any legal relevance to the current criminal proceeding. The evidence submitted by the defendant in no way constitutes an excuse for the defendant's

---

[1] At a preliminary hearing conducted pursuant to Fed.R.Crim.P. 32.1, the Magistrate Judge appointed Federal Public Defender Cyd Gilman to serve as stand-by counsel after defendant informed the Magistrate that he did not want counsel appointed to represent him. Ms. Gilman was also present at the revocation hearing on September 21, 2005, and the court informed the defendant that she was available to assist him if he so desired.

2

violation of the terms of his supervised release. Based on the evidence, the court found that the defendant had violated the terms of supervised release and it revoked his supervised release and sentenced him to the custody of the Bureau of Prisons for 9 months.

Although the defendant has asserted various unorthodox legal views in this proceeding, based on all of the proceedings the court concludes that the defendant was and is mentally competent to proceed. The court finds that he has been able to rationally understand the proceedings against him and to present his defense to the court.

*Conclusion*.

The court finds that the defendant is mentally competent and that he knowingly and voluntarily waived his constitutional right to be represented by counsel. The court further finds the defendant violated the terms of his supervised release. The previously imposed term is revoked and the defendant is sentenced to the custody of the Bureau of Prisons for 9 months.

The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Violation Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   22nd   Day of September, 2005, at Wichita, Ks.

s/Wesley E. Brown

Wesley E. Brown
U.S. Senior District Judge